NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3151

MASON B. BROWN,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

_____

DECIDED: August 5, 2005

_____

Before MICHEL, Chief Judge, RADER and LINN, Circuit Judges.

PER CURIAM.

Mason B. Brown ("Brown") petitions for review of the decision of the Merit Systems Protection Board ("Board") dismissing his appeal of his removal without prejudice pending the outcome of a criminal investigation into his conduct that precipitated his removal. Brown v. Dep't of the Treasury, No. AT-0752-04-0289-I-1 (M.S.P.B. May 27, 2004) ("Initial Decision"). The full Board denied his petition for review, and the Initial Decision became the final decision of the Board. Because Brown has not shown that the Board abused its discretion in dismissing his appeal without prejudice, we affirm.

Brown was removed from the Treasury Department based on a charge of fraudulent use of identification documents and information and a charge of misuse of a social security number. Initial Decision, slip op. at 1. Because the matter had been referred for prosecution, at least some of the evidence could not be disclosed because it had been subpoenaed by a Grand Jury. Id. at 2. The Board, therefore, dismissed Brown's appeal without prejudice, allowing Brown the option of re-filing his appeal within 45 days from the date the criminal matter is resolved or, alternatively, within 20 days after expiration of six months from the date of the Initial Decision. Id. at 2-3. Although Brown argues that the Board committed error because he is innocent of the charges, the merits of Brown's complaint are not before us. Brown's complaint has not been decided, and the dismissal without prejudice gives Brown the opportunity to timely re-file his appeal and the opportunity to have the propriety of his dismissal adjudicated on the merits once the criminal matter is resolved. Whether Brown actually committed the acts of which he is charged is not the issue. The only issue before this court is whether the Board abused its discretion in dismissing his appeal without prejudice. See 5 U.S.C. § 7703(c)(1) (2000). Because Brown has not shown that the Board abused its discretion in dismissing his appeal without prejudice pending resolution of the criminal matter, we affirm.